## J. C. HURON v. THE STATE.

No. 13612. Delivered May 28, 1930.
Rehearing granted June 27, 1930.
Reported in 30 S. W. (2d) 326.

The opinion states the case.

*Anderson & Jones,* of San Angelo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The evidence before the trial court is not brought up for review. There are several bills of exception. The appellant was indicted on the 16th day of January, 1929. The date of the offense was laid as of the 10th of January. The trial took place in February, 1930.

The bills of exception relate to the reception in evidence of testimony over the objection of the appellant. Ordinarily in the absence of the evidence that was before the court, bills of exception of the nature mentioned cannot be appraised.

Bill No. 1 complains that there was found upon the premises of the appellant in October 1929, a quantity of mash and whisky. So far as revealed by the bill, this may or may not have been relevant and material to some of the issues involved. Bills Nos. 2 and 3 in their effect are similar to Bill No. 1.

Bill No. 4 reflects the complaint of the reception of evidence obtained through a search in the absence of a search warrant. The bill fails to show that there was no search warrant, and further discloses that the evidence was obtained through the search of an automobile. The bill also fails to show that there was an absence of probable cause. Bill No. 5 relates to the same matter as Bill No. 4.

The brief appears to have been made on the theory that there was a statement of facts, but, as above stated, there is none found in the record.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The statement of facts in this case was filed properly with the clerk of the trial court but was not sent here with the record on appeal and was not therefore before us when the original opinion was written. By proper means the same has been sent up and is now here for consideration.

Considering the record in the light of said statement of facts, we think the learned trial judge was in error in the matters complained of in Bills of Exception Nos. 1, 2 and 3. The issue before the jury upon this trial was whether the appellant transported whisky unlawfully on January 10, 1929, or whether he had it for medicinal purposes. He swore to the latter. A doctor corroborated him as to the illness of his family. It is difficult for us to see the pertinency of the proof of his possession of mash and whisky some ten months later, or that he was found guilty in a case in the federal court in October, 1929, nor the amount of penalty then inflicted. These facts would necessarily be of much prejudice to the appellant in the eyes of the jury. We think the errors of sufficient gravity to call for a reversal of the judgment of conviction.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*